## HEMPHILL v. TOWNSEND.

1. The length of notice to produce a paper in evidence, depends upon the circumstances of the case ; but if the paper is in possession of the party, in Court, one day's notice, or a much shorter time, would be sufficient.
2. When the deposition of a witness is taken to prove the contents of a deed, it is not necessary to give notice to produce the deed, when the deposition is taken, but such notice must be given, before the deposition can be read upon the trial.
3. The wife of the defendant in execution, is a competent witness for the claimant, upon a trial of right of property.

Error to the Circuit Court of Benton.

THIS was a trial of right of property, the plaintiff in error being plaintiff in execution, and the defendant claimant.

Upon the trial of the cause, the plaintiff introduced a deposition conducing to show, that the claimant had once been possessed of the two slaves levied on, and that upon the marriage of his daughter, with the defendant in execution, they had been sent home with the new married couple. That a year or two after the marriage, complainant had made a deed, conveying to a third person, the slaves for the use of the daughter. This testimony, in relation to the contents of the deed, the Court excluded, because it was not shown that notice had been given to the claimant, to produce the deed, when the deposition was taken; although it was admitted, he had received one day's notice to produce it on the trial, and that it was in his possession. To the exclusion of the testimony the plaintiff excepted.

The claimant also read the deposition of his daughter, the wife of the defendant, though objected to by the plaintiff, and to which he also excepted. All of which he now assigns for error.

W. B. MARTIN, for plaintiff in error, cited 3 Wend. 296 ; 7 Cowen, 739 ; 6 Greenl. Ev. 200-6.

W. P. CHILTON and S. F. RICE, contra. There was no proof that the deed was ever delivered by the claimant, so as to be operative against him. As to the sufficiency of the notice to produce the deed, they contended, it was in the discretion of the primary Court.

That the wife of the defendant was a competent witness, they cited 1 S. & P. 449; 5 Id. 426; 2 Porter, 389; 4 Id. 63; 5 Ala. Rep. 771.

ORMOND, J.—The object of giving notice, to produce a paper in the possession of the opposite party, is to enable him, by producing it, to prevent the necessity of his submitting to secondary evidence of its contents. The length of the notice, must, therefore, depend on the circumstances of the case ; but if it be shown that the paper is in the possession of the party, in Court, one day's notice, or even a much shorter time, has been considered sufficient. [Utica Ins. Co. v. Caldwell, 3 Wend. 296.] We do not entertain a doubt that the notice in this case, was ample. The claimant, it appears, was present, and in possession of the deed, and if he did not think proper to produce it, should have been required to submit to secondary evidence of its contents.

There was no necessity for giving notice to produce the deed, when the deposition of the witness was taken. If it had been there produced and shown to the witness, it would not have superseded the necessity of giving notice at the trial, to produce it, before reading the deposition of the witness, proving its contents. As the claimant was under no obligation to produce it at the trial, it was necessary for the plaintiff to be prepared with evidence of its contents, if not produced on notice.

There is nothing in the objection, that the deed was not shown to have been delivered, as the plaintiff was not permitted to prove any thing relating to it; but in point of fact, it appears to have been delivered, as it was for a considerable time in the possession of the witness.

As the defendant in execution was a competent witness, it follows that his wife was also. He is admitted upon the principle, that his interest in the question is balanced; and that although he may be presumed to have a leaning in favor of the claimant, it goes to his credibility, and not to his competency. By the same process of reasoning, the competency of the wife is shown, as her interest is indentical with his.

For the error of the Court, in excluding the deposition of the witness, the judgment must be reversed, and the cause remanded.